## Ambrose v. Ambrose

*Millard A. Ullman*, for libellant.
*William C. Hazlett*, for respondent.

WINGERD, P. J., September 3, 1948.—Libellant brought an action in divorce a mensa et thoro against respondent. A petition for alimony pendente lite and counsel fees was filed and a rule entered pursuant thereto upon respondent to show cause why he should not pay libellant alimony pendente lite and counsel fees. To this rule an answer was filed denying certain allegations of fact set forth in the petition. Libellant then presented a petition asking the court to take testimony and the court set a date for a hearing, at which time witnesses were called and testimony taken in reference to the issues raised by the petition and answer.

It appears that the parties own a rather valuable dwelling house, which was purchased by them and

the title put in their names as husband and wife, that is, as tenants by the entireties. It seems that the husband supplied almost all the money for purchasing the property and for paying off the mortgage which was placed thereon, although the wife, by working, relieved the husband of certain expenses and in that way contributed to the purchase price of the house. The house was remodeled and improved, the husband paying for such improvements, but the wife contributing indirectly by relieving him from certain expenses, since she was employed. Both the husband and wife are living in this house. Libellant has a daughter, by a former husband, who is now 25 years of age and self-supporting. Libellant and respondent have one son, who is 20 years of age and is going to school under the GI Bill of Rights, having been in the armed services during the recent war. Part of the house is made into an apartment and rented to another family for somewhere around $35 or $40 a month, which rent is collected by the husband, who pays the taxes and all utility charges, such as gas, electricity, etc., except the telephone, which is paid by the wife. The husband has not taken his meals at their home since February 1948, in which month the divorce proceedings were instituted, the subpœna having been served on respondent while he and libellant were eating a meal together in their home. There was an account in a bank in the names of both respondent and libellant, amounting to approximately $1,700, made up of money deposited by the husband, which the wife drew out and placed in a joint account in her and her son's name. To this account she added approximately $1,300 from an account of hers, which seems to have been money deposited by her. Libellant is employed and earns $19.80 per week, take-home pay. The wife has in her possession Government bonds in the amount of $1,500, which were purchased by respondent for the son's education and

are so registered that they can be cashed by libellant. This is in addition to a $500 bond purchased by the husband and placed in the son's name. These bonds are E Bonds and the amounts given are their maturity values. The wife also has a checking account in her own name of approximately $1,000, $500 of which she states belongs to her daughter. The dwelling house was purchased for approximately $3,500 and the amount of improvements made to it, which were paid for by the husband, amount to approximately $6,000. The husband was employed by a gas company in Maryland as a salesman for gas equipment, etc., and averaged approximately $800 a month. From this amount he had his expenses of his automobile, etc., and payment of certain bonuses or premiums to persons who gave him information which enabled him to make sales. After these proceedings were started, he said he felt he could not do justice to his work and quit his job. The testimony of libellant was to the effect that he quit his job so that he would not have to pay her support, etc.

The theory upon which alimony pendente lite is based is the same both in actions for divorce a mensa et thoro and divorce a. v. m. It is said in 2 Freedman, Law of Marriage and Divorce in Pennsylvania 937, sec. 429:

"The purpose of an order for alimony *pendente lite* is not to punish the husband for his conduct toward his wife, but to secure to her such an allowance during the pendency of the suit for divorce as is reasonable to maintain her, having regard to the necessities of the wife, the abilities of the husband, and the station in life of the parties.", and in section 438, page 946:

"The award of alimony *pendente lite* is not a matter of right, but is to be allowed or refused according

to the circumstances of the particular case. The court will exercise its discretion in this determination.", and in section 452, page 984:

"The wife's necessity has been declared to be the controlling element; and an important element for consideration in determining whether an allowance should be made in her favor, and the amount to be awarded."

In Kuehnle v. Kuehnle, 103 Pa. Superior Ct. 415, 417, it is said:

"It is the duty of the court to make a proper allowance if the wife has not sufficient ability to maintain or defend her suit. In determining whether she has sufficient ability, it is not necessary that she be absolutely destitute before an order is made: . . ."

In 2 Freedman, Law of Marriage and Divorce in Pennsylvania 1019-1021, sec. 465, it is stated:

"The same considerations which require the award of alimony *pendente lite* to the wife so that she may have the means of support during the pendency of a suit for divorce require that the employment of her counsel shall be beyond the control of her husband. Indeed, the right to counsel fees stands upon higher grounds of necessity and justice than alimony *pendente lite*. . . .

"In general, the principles which govern the allowance of alimony *pendente lite* are applicable to counsel fees. Such awards rest in the sound discretion of the Common Pleas and will not be interfered with on appeal except in cases of manifest abuse. Accordingly, in the exercise of the discretion of the court, regard is to be had to the husband's ability to pay, the wife's necessity and the extent of her separate estate."

In the instant case, the minor son's support need not be considered at all. Although alimony pendente lite does not include support of children, nevertheless, if the wife is taking care of a child or children, there is no reason why that should not be taken into consider-

ation in the award to her. The son is receiving maintenance and assistance under the GI Bill of Rights and although it was shown that the maintenance so received was insufficient and that both libellant and her daughter were each giving the sum of $5 a month to the son to supplement his GI allowance, this need not be considered for libellant has in her possession E Bonds, in maturity value of $2,000, which were paid for by respondent to be used for the son's education. The wife has her home in a house which was largely paid for by respondent. She drew out and now has available for her use approximately $1,700, which the husband had deposited in a joint account. She has $1,300 of her own money. She has a checking account of $500 or more and she is earning a little over $19 a week. Respondent is paying the taxes and utilities, except the telephone, for the dwelling house in which libellant is living. This court feels that the circumstances of this case are such that libellant is not, at least at this time, entitled to an order against respondent for alimony pendente lite but as counsel fees are in a different category than alimony pendente lite, it is not improper to order respondent to pay a reasonable amount to libellant for counsel fees: Reimer v. Reimer, 45 Pa. C. C. 122; Miller v. Miller, 20 York 161; Purman v. Purman, 7 D. & C. 755; Commonwealth v. Mercer, 163 Pa. Superior Ct. 80; 2 Freedman, Law of Marriage and Divorce in Pennsylvania 985, sec. 452, note 13.

Now, September 3, 1948, it is ordered and decreed that the rule upon respondent to show cause why he should not pay libellant alimony pendente lite and counsel fees, insofar as it relates to alimony pendente lite, is discharged and insofar as it relates to the allowance of counsel fees is made absolute and respondent is ordered to pay the sum of $75 for that purpose, within 10 days.