Commonwealth of Pa. ex rel. Kohler, Appellant, v. H. G. Kohler.

Argued December 11, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*J. P. Carpenter* of *Carpenter and Carpenter,* for appellant.

*H. W. Cummings* of *Cummings & Gubin,* for appellee.

Opinion by Trexler, P. J., December 27, 1930:

This was an action brought for non-support in the name of the Commonwealth by Jane Kohler against her husband, Haines G. Kohler. It developed at the hearing that this couple had some $4,300 in a joint account in the bank and that of this amount, since their differences became acute, she received about $2,-300. The money in the joint account was the product

of his earnings, she having no separate money to start out with.

The court came to the conclusion that there was no immediate necessity for entering an order on the husband for the support of his wife for she had the wherewithal to meet her present necessities, and entered an order, "case dismissed, note exception."

Counsel for the wife then made a proposition of proof offering to show that there was an agreement to divide, that she should take her share and invest it and that a portion of the funds in the joint account had been invested by the husband and that he had requested the wife to invest her share. We may pass over the technical objection that the proposition of proof came too late when the case was dismissed, that the proper method would have been to ask the court to reopen the case. We, however, think that the order of the court under the circumstances must stand, although it would have been probably better to have allowed the proof to be submitted. Had that been done, it would not have changed matters, for the fact would still have remained that the wife had money in her hands derived from her husband and the product of his labor, and the court would have arrived at the same conclusion as it had. The wife in her own testimony showed that she had sufficient funds earned by the husband to temporarily maintain her and she was evidently intent on keeping such funds intact and receiving immediate support from her husband. This, as we have already stated, the court held, was not proper.

An order of court in a non-support case is always under the control of the court and if conditions change, Mrs. Kohler may start another proceeding and the dismissal of the present case will not bar her from presenting her plea to the court.

The order is affirmed.