## Kuehnle v. Kuehnle, Appellant.

Argued October 1, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Francis T. Anderson,* and with him *William A. Gray,* for appellant.

*William T. Connor,* and with him *John R. K. Scott,* for appellee.

Opinion by Baldrige, J., November 20, 1931:

This appeal is from an order of the court below directing the respondent in a divorce action to pay $15 a week for the support of his wife.

It appears from the evidence that the husband, at the time of the marriage, owned a two-story house divided into two apartments, which he subsequently conveyed to his wife. The libellant is now living in one of the apartments and the other is vacant. He also assigned to her certain building and loan association stock, the valuation of which is approximately $5,000. The libellant recently started a hairdressing business, from which she derives a small and uncertain income. The respondent had an income of $75, which was reduced to $63.75 a week a short time prior to this action. He had formerly been in receipt of a bonus from his employer which amounted last year to $500. His employer stated that he would not receive any bonus this year owing to depressed business conditions.

The appellant contends that under the authority of Com. of Pa. ex rel. Kohler v. Kohler, 100 Pa. Superior Ct. 345, the libellant is not entitled to alimony pendente lite as she has sufficient resources of her own to maintain her. That case was not a divorce proceeding wherein a temporary allowance was sought, and the lower court determined that there was no immediate necessity for entering an order on the husband for support of his wife as she had sufficient to meet her present necessities.

The order of the court allowing a wife her expenses, alimony pendente lite, is, in its nature, interlocutory, and the amount thereof is largely within the sound discretion of the court, and the appellate court will not reverse except for plain abuse of discretion. In

Ray v. Ray, 89 Pa. Superior Ct. 566, this court, speaking through Judge KELLER, said, at page 567: "The amount to be allowed a wife, respondent in divorce, for her support pendente lite and counsel fees is largely in the discretion of the court of common pleas, subject to the condition that the allowance for support should not substantially exceed one-third of the income from the property and labor of the husband."

It is the duty of the court to make a proper allowance if the wife has not sufficient ability to maintain or defend her suit. In determining whether she has sufficient ability, it is not necessary that she be absolutely destitute before an order is made: Waldron v. Waldron, 55 Pa. 231; Fernald v. Fernald, 5 Pa. Superior Ct. 629; Karmany v. Karmany, 71 Pa. Superior Ct. 308.

The libellant's right to the property, which she alleges was given to her, is now attacked by her husband as there is a suit pending in the court of common pleas No. 3, Philadelphia County, instituted by the husband to regain the property transferred to his wife. Her own income from a new business venture is apparently precarious. She testified that she is in need of the services of a physician, which, at present, she is not financially able to employ.

The husband's ability to pay and the situation and surroundings of the parties convince us that we are not warranted in interferring with the discretion exercised by the court.

Judgment is affirmed.