Emerick, Appellant, v. Emerick.

Argued October 23, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*N. F. Womer,* and with him *John C. Arnold,* for appellant.

*Edward T. Kelley,* for appellee, did not appear upon argument and no paper book was filed.

Opinion by Stadtfeld, J., February 1, 1935:

On February 26, 1934 Reuben D. Emerick, the appellant, was granted an absolute decree in divorce from the appellee, Beatrice Pentz Emerick, on the ground of cruel and barbarous treatment and indignities to the person. At the time the divorce was granted, the appellee was confined to the Warren State Hospital for the Insane and was insane, and the appellant was directed to support the said Beatrice Pentz Emerick.

On April 21, 1934 the appellee was discharged from the Warren State Hospital as sane, and on May 14, 1934 petitioned the court for a decree fixing the amount of support, to which petition there was an answer filed on May 17, 1934, in which the appellant averred that if the appellee was sane she was no longer entitled to support.

The court below, Smith, P. J., on August 17, 1934, overruled this answer, and on August 29, 1934, the appellant filed further answer in which he averred that the appellee was sane and no longer entitled to recover support from him.

At a hearing held September 1, 1934, the court ordered that the appellant pay to the appellee the sum of twenty-five ($25) dollars per month, and this appeal followed.

The assignments of error relate (1) to the right of respondent to an order for support after she has recovered her sanity, and (2) to the amount of the order.

Under the Act of May 2, 1929, P. L. 1237, 23 PS 223, known as "The Divorce Law", by Section 18 of said Act, jurisdiction was conferred on the courts of common pleas where a spouse was a hopeless lunatic, but only upon grounds of divorce provided in Section 10 (including cruel and barbarous treatment and indignities to the person).

Under Section 45 it was provided as follows: "In

case of the application of a husband for divorce from an insane wife, the court......shall have power to decree alimony for the support of *such insane wife* during the term of her natural life, by requiring the libellant to file a bond, with surety ....... if necessary, in such sum as he ...... may direct, conditioned as aforesaid, before granting the divorce." (Italics supplied)

"If the wife be the petitioner, and have sufficient means, the court, ....... may provide for the support of the insane husband, as provided in this section for an insane wife, if the insane husband has not sufficient estate in his own right for his support."

It seems to us very clear that the legislative intent was to provide for the support of an *insane* spouse.

At the time of the filing for the petition for alimony the respondent appellee was admittedly sane. Prior to her insanity she was guilty of such acts as to entitle her husband to obtain a divorce. If she had not become insane she would, of course, not be entitled to alimony. The thing that gave rise to support was her insanity. She, having her sanity, is now in identically the same position as she was before she lost her reason.

The words of the statute permit the court to award "alimony for the support of such insane wife". To be entitled to the alimony the wife must be insane. The act then states the period for which the insane wife may obtain the alimony. The term "insane" modifies and restricts the word "wife".

Under the construction of the act by the lower court, if the innocent spouse obtains a divorce from the guilty spouse while the guilty spouse is temporarily insane, but deemed to be hopelessly insane, then the guilty spouse upon recovering sanity would be entitled to permanent support during his or her natural life, regardless of the guilt, regardless of the brevity

of the temporary insanity, and regardless of any other fact except the financial condition of the innocent spouse. We cannot agree with this construction. We believe that the true purpose of the act was to provide for the support of respondent during her insanity, and not to make her conduct, which entitled her spouse to a divorce, the subject of pecuniary gain when she becomes entirely compos mentis. Under this view the decree of the lower court should be modified so as to the limit the payment of alimony during the period of respondent's insanity.

As to the amount of alimony which the lower court awarded, we cannot say that there was such an abuse of discretion as to warrant a reversal of the decree in that respect. The second assignment of error is overruled.

At bar on the day of argument, a suggestion was filed by attorney for appellee that it was necessary on October 11, 1934, to take the respondent back to the Warren State Hospital. The alimony should be reinstated from the date of the recommitment of respondent to the Warren State Hospital. Libellant however should be entitled to credit for any payments made by him during the period from the time she was released until the time of recommitment.

The first assignment of error is sustained, and the record is remitted for the purpose of modifying the decree and for further proceedings not inconsistent with this opinion.