Mather *v.* Mather, Appellant (No. 2).

Argued November 21, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*George F. Lowenthal,* for appellant.

*George S. Wolbert,* for appellee.

OPINION BY CUNNINGHAM, J., February 28, 1941:

This appeal is ancillary to that of *Mather v. Mather (No. 1),* 143 Pa. Superior Ct. 589, in which we affirmed the granting of an absolute divorce to Edward Everett Mather, Jr., from his wife Marguerite Barnhill Mather, daughter of Thomas W. Barnhill, appellant herein. He was appointed, October 6, 1939, committee ad litem for his daughter who was then a patient in Pennsylvania Hospital for Mental and Nervous Diseases, having been admitted on July 11, 1939.

The subject matter of the present appeal is alimony pendente lite; it was taken from an order of the court below, entered September 23, 1940, by which the amount of alimony payable by the libellant in the divorce proceeding was reduced from $193.50 to $150, per month, as of June 2, 1940.

From the briefs and record we gather this history: Libellant, since July 1935, had been paying respondent

$100 per month for her support. On December 20, 1937, shortly after the appointment of the original master, the court below made absolute respondent's rule for alimony pendente lite in the sum of $150 per month.

On September 6, 1939, while the case was pending in the court below upon exceptions to the master's report, a petition was presented on behalf of respondent setting forth that she was a patient in the above mentioned hospital and would be there for an indefinite period; that she required $193.50 per month in order to defray the basic costs of her care; and praying that the alimony be increased to that amount. To the rule granted upon this petition libellant filed an answer agreeing that. it be made absolute, "predicated upon the order therefor being limited to such time as the respondent shall continue to be confined as a patient in the Pennsylvania Hospital for Mental and Nervous Diseases, and that upon her leaving the said hospital alimony in the increased sum be terminated and revert to the figure of $150 per month." An order was accordingly made September 18, 1939, making the rule absolute. Counsel for libellant avers in his brief that in entering its order increasing the alimony the court stated verbally that it would look to counsel on both sides to inform the court when respondent left the hospital.

The petition upon which the order now appealed from was made was presented June 24, 1940. After referring to the prior orders it was alleged in the seventh paragraph: "That on or about the end of May 1940 the said Marguerite Barnhill Mather left the said hospital and is no longer a patient therein, and the necessity for the increased alimony for the defraying of her expenses in the said hospital ceased and determined at the time of her leaving the said institution."

It was further averred that "neither the court nor the libellant was informed by the respondent, or anyone on her behalf, as to her leaving the hospital," and that libellant had only recently learned of that fact. It was

also set forth that libellant, before learning that respondent was no longer in the hospital, "made a regular semi-monthly payment to the respondent on the 15th of June in the sum of $96.75, or $21.75 more than [he] should have paid the respondent" in view of the fact she had left the hospital.

In his answer to the rule granted to show cause why the alimony should not be reduced to $150 per month as of the date respondent left the hospital and a credit allowed "against alimony to be paid in the future in an amount equal to the difference between alimony calculated at $150 per month and any payment in a greater sum made between June 1, 1940 and the time said rule" may be made absolute, respondent's committee admitted that on June 2, 1940, she had been taken from the hospital and since that date had been "on visit at the home of her parents by permission of the authorities of said hospital and in the custody of a nurse." It was further averred that the cost of maintaining her at her home exceeded $193.50, and averaged $210.33, per month.

The matter seems to have been pending before the court below during its summer recess and was not disposed of until September 23, 1940, when the following order, now assigned for error, was entered: "Rule absolute to reduce alimony to $150 per month from June 2, 1940."

In its opinion supporting that order the court below said: "At the time this court increased the alimony from $150 to $193.50 per month, we had before us and considered libellant's answer to respondent's rule agreeing to the increased alimony for so long as respondent was confined a patient in the Pennsylvania Hospital for Mental and Nervous Diseases and upon her leaving said hospital the alimony to revert to $150 per month. Respondent's rule, as noted above, was for increased alimony "to an amount sufficient to meet the costs of respondent's care *as a patient in the Pennsylvania Hospital for Mental and Nervous Diseases.* This is what

respondent prayed for and what libellant agreed to, and accordingly the court made the rule absolute for this purpose. If respondent found that her alimony of $150 per month was insufficient to care for her maintenance, including nursing and other medical expenses, after leaving the hospital, she had it in her power to advise the court by petition that she had left the hospital but still needed the increased alimony and to ask for a continuance of said order. It is still within the power of respondent to file such petition. In such an event the libellant would have the opportunity at least of attempting to prove that the facts did not support respondent's allegations. In the former instance where this court increased the alimony, it was done because libellant agreed thereto and no proof was required of respondent. However, the respondent having left the hospital, the libellant's agreement was not binding upon him any longer and the court accordingly made libellant's rule absolute for reduction of alimony pendente lite."

We have repeatedly held that the determination of the amount of alimony which should be awarded to a wife, pendente lite, is largely within the discretion of the common pleas and that this court will not reverse except for a plain abuse of that discretion: *Kuehnle v. Kuehnle,* 103 Pa. Superior Ct. 415, 157 A. 218; *Meinel v. Meinel,* 109 Pa. Superior Ct. 159, 167 A. 385, and cases cited in those opinions.

We think the court below has fully justified its action in this case. Special complaint is made of the retroactive feature of the order. Under all the circumstances appearing upon this record, we are of opinion that the court below did not abuse its discretion in directing that libellant be given credit for such amounts as he has paid since June 2, 1940, in excess of $150 per month. The allowance of such credits is in harmony with the principle on which *Emerick v. Emerick,* 116 Pa. Superior Ct. 241, 176 A. 509, was decided.

Order affirmed.