Gangloff *v.* Gangloff, Appellant.

Argued October 4, 1948. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

*Benjamin H. Levintow,* with him *Bryan A. Hermes,* for appellant.

*Charles W. Sweeney,* for appellee.

OPINION BY RHODES, P. J., January 14, 1949:

An action in divorce was brought by the wife against her husband on September 12, 1947. As libellant she filed a petition for alimony pendente lite, counsel fees and costs on November 13, 1947. A rule was granted, and respondent filed an answer. Depositions were taken.

The court's order directed the payment by respondent to libellant of $100 counsel fee and $50 per week alimony pendente lite. Respondent has appealed from the order as it relates to the payment of alimony pendente lite.

Respondent contends the order is excessive and unsupported by competent evidence.

The right to alimony pendente lite is statutory. Act of May 2, 1929, P. L. 1237, § 46, as amended by the Act of May 25, 1933, P. L. 1020, § 1, 23 PS § 46. The court of common pleas should make a proper allowance if the wife has not sufficient ability to maintain her suit, the allowance, however, must be reasonable. *Kuehnle v. Kuehnle,* 103 Pa. Superior Ct. 415, 417, 157 A. 218. The necessity of the wife constitutes the controlling element, but the amount should not be so large as to present a temptation to the wife-libellant to delay the divorce proceeding, which she has instituted, while continuing to live apart from her husband. *Koehler v. Koehler,* 73 Pa. Superior Ct. 41, 43. The determination of the amount of alimony which should be awarded to a wife, pendente

lite, is largely within the discretion of the court of common pleas, and this Court will not reverse except for a plain abuse of that discretion. *Mather v. Mather,* 143 Pa. Superior Ct. 608, 612, 18 A. 2d 492. The amount of alimony pendente lite should not substantially exceed one-third of the income from the property and labor of the husband. *Kuehnle v. Kuehnle,* supra, 103 Pa. Superior Ct. 415, 417, 157 A. 218.

We are of the opinion that the court below in fixing the amount of alimony at the rate of $50 per week gave undue weight to the mere assertion of the libellant as to respondent's income. We are unable to find any competent evidence in the record to warrant the order which the court below has made. Libellant may have certain property rights which may be determined in another action, but orders of this type may not be used for the purpose of making a property division or transferring a part of the estate of a husband to the wife.

Respondent's ability to pay, the separate estate and income of libellant, the character, situation, and surroundings of the parties are all factors to be considered in determining a fair and just amount which the respondent-husband should pay. *Homler v. Homler,* 120 Pa. Superior Ct. 66, 68, 181 A. 840. Libellant, respondent, and respondent's brother were engaged in a joint venture and divided the income, each contributing of his time as required for the operation of a taproom in Philadelphia. The business was so conducted for a period of ten years until libellant left respondent in the late fall of 1946. The annual gross receipts of the business were about $30,000. In 1946 the gross volume was $36,500, and for the year 1947 about $31,500. The net profit for the year 1946, as shown by the income tax report of the partnership, was $6,553.94. Upon severing her connection with the business, libellant received $1,600, or one-third of the cash on hand, and $3,500 in government bonds, representing her one-third

of the total amount owned by the partnership. Respondent testified that the profit from the taproom ranged from $5,000 to $7,000 a year, and libellant did not question in any way the net income as disclosed by the partnership income tax return, or the distribution of earnings in 1946 of $6,553.94.

After his wife left, respondent transferred the license, which had been held in his name, to his brother, in April, 1947; and the business has been conducted by the latter since that time. The property wherein the business is conducted is owned by the libellant, respondent, and the latter's brother. No rent has been paid for the use thereof, and respondent has, according to his own testimony, received no income from the business which he transferred to his brother without consideration.

Libellant's guess that the net income of the business is $15,000 is not in conformity with the documentary proof which she does not question. If she participated at any time in such income as a partner, she could have readily disclosed the extent of her share. On the other hand, respondent cannot convert income producing assets into non-productive assets, give away his assets, or place them in the hands of another, and then successfully assert that he has no income. Respondent has reported an income of $300 a year from the rental of an adjoining property. At most, the testimony indicates that respondent has or should have an income of approximately $4,000 a year. Libellant testified that she was earning from $20 to $22 per week, as a waitress. Taking into consideration all the circumstances and the position of the respective parties, we are of the opinion that it was a plain abuse of judicial discretion to fix the allowance of alimony pendente lite at $50 per week, and that it should not be more than $25 per week.

The order of the court below is modified, and it is directed that the allowance be reduced to $25 per week. Each party is to pay his or her own costs of this appeal.