Brady *v.* Brady, Appellant.

Argued March 26, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*R. Winfield Baile,* with him *Harold Scott Baile* and *Pepper, Bodine, Stokes & Hamilton,* for appellant.

*William T. Connor,* with him *Hardie Scott,* for appellee.

OPINION BY RENO, J., April 10, 1951:

Appellee instituted an action for divorce a mensa et thoro, alleging desertion and bigamy, and petitioned for alimony pendente lite and counsel fees. Appellant answered that appellee was not his wife, that he had been divorced from her in Nevada, and had since married another woman. The court below declined to consider the merits of the divorce application, and granted the petition.

Allowance of alimony pendente lite and counsel fees is a final and appealable order. *Gould v. Gould,* 95 Pa. Superior Ct. 387. Appellate review is limited to examination of the exercise of the discretion vested in the court below which will be reversed only for a manifest abuse of that discretion. *Lynn v. Lynn,* 68 Pa. Superior Ct. 324. The proceeding is collateral and the merits of the main proceeding are not involved. *Murray v. Murray, (No. 1),* 80 Pa. Superior Ct. 573.

The controlling issue to be litigated is: Were the parties married to each other on the date when the complaint was filed? Upon the resolution of that question depend the alleged desertion and bigamy. Appellee asserts that appellant is her husband notwithstanding the Nevada divorce decree. Appellant stands upon that decree and its prima facie validity. Patently, if the court below had refused appellee's petition it would have adjudicated in limine the validity of the divorce and also the merits of the substantive grounds for divorce alleged in the complaint. It would be a harsh rule which denied appellee the means of establishing her rights until she had first fully proved them.

Moreover, another cogent reason was expressed by President Judge GORDON in his illuminating opinion, filed under our Rule 43: "We awarded the plaintiff alimony and counsel fee because we are of the opinion that the determination of the validity of the Reno

divorce, which is the controlling and, indeed, the only issue raised in the main proceeding, should be withheld until the case regularly comes before us for trial. To decide this principal issue in an interlocutory matter, and on the basis of the deposition of witnesses whom the court has had no opportunity to hear and observe as they testify, would be to prejudge the dispute on a basically inadequate hearing, and thereby equally prejudice both parties in their common right to a decision of their controversy only after as full a hearing as possible of the evidence." Except that we would substitute "collateral" for "interlocutory", we approve that pronouncement. In the absence of demonstration of abuse of discretion the order must be affirmed.

Order affirmed at appellant's costs.