Kordich *v.* Kordich, Appellant.

Submitted April 10, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Ruth F. Cooper* and *Critchfield, Bowman & Cooper,* for appellant.

*A. F. Burkardt,* for appellee.

OPINION BY CARR, J., October 2, 1956:

This appeal is by a husband from an order of the court below awarding alimony pendente lite.

An action of divorce was brought by the wife against the husband on May 19, 1955. On June 20, 1955, a petition was filed and a rule granted to show cause why the defendant should not pay alimony pendente lite and counsel fees. After a hearing on June 27, 1955, an order was made awarding to the wife one hundred fifty ($150.00) dollars per month and counsel fees of one hundred ($100.00) dollars. On December 5, 1955, a second petition of the same nature was filed and this was treated as a rule to modify the former order. A second hearing was held on December 13, 1955, after which an order was entered directing the defendant to pay to his wife one hundred ($100.00) dollars per month and to make all payments necessary for the maintenance of the home.

The evidence produced at the hearing on December 13 discloses that the defendant's net income is at least five hundred and fifty ($550.00) dollars per month. Out of this he has been paying the expenses of main-

taining the home in which both are still living and to which they hold title as tenants by entireties. The only evidence in the record of the expense of maintaining the home is that he has been making monthly payments of ninety-two ($92.00) dollars on a mortgage, four and 95/100 ($4.95) dollars for telephone, fifteen ($15.00) dollars for heat and two and 50/100 ($2.50) dollars for water, or a total of one hundred fourteen and 45/100 ($114.45) dollars. Since both parties are living in the home it is only reasonable to allocate one-half of this amount to his own living expense. His total payments to or on behalf of his wife as disclosed by the record would therefore be fifty-seven and 22/100 ($57.22) dollars per month for the maintenance of the house and one hundred ($100.00) dollars per month cash which is clearly less than one-third of his net income.

Alimony pendente lite is payable to a wife after the commencement of a divorce action for the purpose of providing her with an income during the pendency of the action in order that she may not be put at a disadvantage financially by reason of her having brought the action or being required to defend it. Ordinarily the amount awarded the wife should not exceed one-third of her husband's income, but the exact amount should be left to the discretion of the court of common pleas which has the advantage of seeing and hearing the parties. This court will not reverse except for a plain abuse of discretion. *Gangloff v. Gangloff,* 163 Pa. Superior Ct. 570, 63 A. 2d 115. *Mather v. Mather,* 143 Pa. Superior Ct. 608, 18 A. 2d 492. *Brady v. Brady,* 168 Pa. Superior Ct. 538, 79 A. 2d 803. An examination of the record does not disclose any facts which would indicate an abuse of the discretion vested in the court below.

Order affirmed.