Kayaian, Appellant, *v.* Kayaian.

Argued June 14, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Michael J. Pepe, Jr.,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY WATKINS, J., November 16, 1972:

This is an appeal from the order of the Court of Common Pleas of Philadelphia, Family Court Division, where the wife-appellant, Jean Kayaian, was denied Alimony Pendente Lite, Counsel Fees and Expenses. The appeal grows out of a divorce instituted by the appellant on March 4, 1971. The divorce was contested but on February 24, 1972, a final decree in divorce was granted. Counsel who appeared in this appeal represented the wife in all the proceedings associated with this appeal.

The petition for alimony pendente lite, counsel fees and expenses, was filed on April 22, 1971. Depositions of the wife were taken on October 11, 1971. Several hearings were fixed and postponed at the request of the husband for one reason or another. The court below decided the case without taking testimony on the basis of the arguments of counsel and the deposition of the wife.

An initial counsel fee of $100.00 had been allowed and on February 15, 1972, the court entered its order of an additional $100.00 counsel fees and $100.00 costs

and dismissed the petition for alimony pendente lite. This appeal followed.

The only evidence of record in this case must be drawn from the deposition of the wife. It should be noted that counsel for the husband did not appear at argument on appeal and did not file a brief.

The wife is forty years of age. She worked seventeen years as a leather cutter for J. B. Stetson Co. (Now out of business). She has no other skills and testified that she tried to obtain work and had been unsuccessful. She resides with her parents and two of her children in her parents' home. She occupies a bedroom with her two children, aged 5 and 16 at the time of the hearing. Her sole income consists of a court order for support of $27.00 weekly for herself and her two children and a welfare order of $68.00 bi-weekly, or a total income of $61.00 per week. She pays $30.00 a week to her mother for room and board for herself and her two children. She testified that medical and dental bills amounted to $3.00 per week; lunch and carfare for the boy's school costs $8.50 weekly; $3.00 per week for the boy's allowance and other miscellaneous expenses of $15.00 per week, making a total of her needs to be $74.50 weekly.

The husband is 46 years of age and resides in the home of the parties at 124 West Fishers Avenue, Philadelphia, owned by the entireties, with two other children aged 10 and 15, at the time of the depositions. The appellant testified there was not room in her mother's home for those two children. According to the wife there is no mortgage on the property and she has no knowledge of any other debts with regard to the property. There is no evidence with regard to his expenses. He is employed as a salesman for Sears, Roebuck and his income in 1970 was $8,744.25 with a net after taxes of $7,379.20.

Section 46 of The Divorce Law Act of October 19, 1967, P. L. 451, §1, as amended, 23 P.S. §46, provides in part: "In case of divorce from the bonds of matrimony or bed and board, the court, may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses. . ."

The reason for this section is to enable the wife to maintain her action. *Belsky v. Belsky*, 196 Pa. Superior Ct. 374, 175 A. 2d 348 (1961). It is not mandatory and lies within the sound discretion of the court. *McCormick v. McCormick*, 202 Pa. Superior Ct. 250, 195 A. 2d 851 (1963). Appellate courts will not interfere except in cases of manifest abuse of discretion. Freedman, Law of Marriage & Divorce in Pennsylvania, Section 465 (1957).

The elements to be considered are the husband's ability to pay as determined by his estate, his income and his earning capacity. The need of the wife is determined by her income, her separate estate and the character situation and surroundings of the parties. *McCormick v. McCormick*, supra.

There is testimony and the record itself dicloses that counsel did render extensive services to the wife. Two hundred dollars seems inadequate in view of the services rendered and in view of the minimum fee schedule of the Philadelphia Bar Association which lists the fee for an uncontested divorce to be $450.00 and the minimum fee for an appeal to this Court to be $1000.00.

If the amount of counsel fees awarded to the wife is manifestly inadequate, this Court may increase them. *Ginsburg v. Ginsburg*, 210 Pa. Superior Ct. 421, 233 A. 2d 618 (1967); Freedman, Law of Marriage & Divorce in Pennsylvania, supra. This is also true of alimony pendente lite. An examination of this record as it discloses the income and needs of the parties makes the order in this case of counsel fees insufficient

and the denial of alimony pendente lite under all the circumstances a manifest abuse of discretion.

The order of the court below reads as follows: "February 4, 1972 R-A for Counsel Fees $100.00 and costs $100.00 Rule for Alimony Pendente Lite is dismissed. Meade, J."

This order is reversed and the following order substituted therefor:

The rule for counsel fees and expenses and alimony pendente lite is made absolute and the appellee-husband, Joseph Kayaian, is directed to pay his appellant-wife, Jean Kayaian, the sum of $7.50 weekly as alimony pendente lite from March 4, 1971, the date of the institution of the divorce action to the date of this order; and further, the said appellee-husband is directed to pay to this appellant-wife the sum of $900.00 for counsel fees which together with a prior order makes a total counsel fee of $1,000.00 with costs of $192.86 together with the costs of this appeal.