363 A.2d 1215

Sara WIEGAND

v.

Myron Paul WIEGAND, Appellant.

Superior Court of Pennsylvania.

Argued April 14, 1976.

Decided Sept. 27, 1976.

Lawrence N. Paper, Berger & Kapetan, Pittsburgh, for appellant.

Robert P. Kane, Atty. Gen., Kathleen Herzog Larkin, Deputy Atty. Gen., Harrisburg, Robert Paul Vincler, Deputy Atty. Gen., Pittsburgh, for the Commonwealth.

Before WATKINS, P. J., and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

The instant case is on remand from our Supreme Court, *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975), for consideration of issues originally raised but not decided in our Court. See *Wiegand v. Wiegand*, 226 Pa.Super. 278, 310 A.2d 426 (1973). Appellant, defendant in his wife's action for divorce a.m.e.t., contends that the lower court erred in limiting cross-examination of appellee concerning the disposition of her estate.[1]

The facts were succinctly summarized in *Wiegand I*: Appellee Sara Wiegand filed a complaint in divorce a.m. e.t., a petition for alimony, and an initial petition for alimony pendente lite, counsel fees and expenses. On August 14, 1967, an order was entered requiring appellant to pay $875 per month alimony pendente lite and $250 preliminary counsel fees. Subsequently, appellee filed several other petitions for additional counsel fees and costs and for continued or increased alimony pendente lite. Appellant filed answers to these pleadings and a counterclaim seeking divorce a.v.m. on the grounds of adultery, indignities to the person, or desertion. After several hearings on the various petitions, the lower court entered an order on March 10, 1972, the subject of this

1. Appellant also claims that the lower court abused its discretion in awarding $5,000 to appellee for counsel fees. Because we remand on the basis of appellant's initial contention, we do not discuss his second claim. Clearly, if appellant can show that appellee understated the amount of her estate, then an award of counsel fees in the amount of $5,000 would also be erroneous. See, e. g., *Merlin v. Merlin*, 203 Pa.Super. 16, 198 A.2d 362 (1964).

appeal, which required appellant to pay $5,000 counsel fees and $82.20 costs.

"There are no children resulting from this marriage. Appellee has received about $50,000 in alimony pendente lite from the date of the initial order to March 10, 1972. She also admits having received additional monies from appellant of approximately $100,000, but contends in her brief that these payments were either gifts or the result of business ventures entered into by the parties. Appellee testified that she has spent all of these funds and is now destitute." 22 Pa.Super. at 279–80, 310 A.2d at 427. (footnotes omitted).

A majority of this Court held that ". . . in light of the adoption of the Equality of Rights Amendment to the Pennsylvania Constitution, §§ 11 and 46 of The Divorce Law, Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. §§ 11, and 46, providing respectively that wives, *but not husbands*, may obtain divorces from bed and board and be allowed reasonable alimony pendente lite, counsel fees, and costs in a divorce action, . . . [cannot] pass constitutional muster." The Supreme Court, however, granted allocatur, see 227 Pa.Super. xxix, and remanded to this Court "for consideration of the issues raised at trial and properly preserved for appellate review." *Wiegand v. Wiegand,* supra at 485, 337 A.2d at 258. The appellant raised two issues below: (1) whether "the trial court had erred by refusing to permit him to cross-examine Mrs. Wiegand during the hearings about the disposition of her own estate and (2) [whether] the award of $5,000 attorney's fees was an abuse of the trial court's discretion." Id. at 484, 337 A.2d at 257.

Both appellant and appellee testified that during the pendency of the court proceedings, from August, 1967, to March, 1972, appellant had given appellee substantial sums of money, between $150,000 and $167,500. During a September 8, 1971 hearing on her petition for alimony pendente lite and counsel fees, she claimed that she was

without funds. She testified that she had only about $60.00, and that she had recently gone into debt to support herself. Appellant's counsel then attempted to cross-examine her on how she had spent the sizeable amounts of money which she had received previously:

"Q. [by counsel for appellant] On March 16, 1971, when were were in this Court, you acknowledged that you received above and beyond this $875.00 per month certain sums of money, is that correct?

"A. Yes.

"Q. Do you recall what that total came to?

"A. No, I have no idea.

[Counsel for appellee]:

"I object. We have gone through that at a previous hearing. It is already in the testimony.

[Counsel for appellant]:

"It is a very important element the Court must consider so far as a petition for increase, or petition to vacate this Order, is the separate estate of Mrs. Wiegand. That is why it is important for me to cross examine her as to all monies she has received in addition to the $875.00 per month.

THE COURT:

"What is gone is over. It is gone. We want to know her condition today, from this day forward.

[Counsel for appellant]:

"I have a right to cross examine.

THE COURT:

"I don't care what he gave eight years ago or ten years ago. It is the facts and circumstances between the parties existing today and from here on in. I am concerned about her status today. . . .

[Counsel for appellant]:

"She has the burden of proving she has no assets.

THE COURT:

"You are talking about the past.

[Counsel for appellant]:

"I am talking about the money she received during the pendency of this Order.

THE COURT:

"I will sustain the objection. It is as of today forward. She said nothing except $20.00 plus $40.00 in cash."

The subject came up again shortly thereafter.

"Q. [by counsel for appellant]: Did you, on August 11, 1970, approximately one year ago, receive $35,000.00 from your husband?

[Counsel for appellee]:

"Objection.

[Counsel for appellant]:

"I am going to cross examine on the assets and disbursements.

THE COURT:

"I won't permit you to go into how she spent the money. She says today, I have no assets and I am not interested in how she disbursed the funds. She said she lost $100,-000.00 in a business deal.

[Counsel for appellant]:

"I have a right to cross examine her.

THE COURT:

"If she has lost it, it is gone. You prove to me she has it today.

[Counsel for appellant]:

"That is what I am trying to do.

[Appellee]:

"I have no money. I swear by God I have no money.

[Counsel for appellant]:

"She can swear to anything.

THE COURT:

"This woman is under oath. She is subject to the laws of perjury. Regardless of how much money she got from her husband, do you have any assets today?

[Appellee]:

"No, I swore to tell the truth and I have nothing today.

THE COURT:

"That is the end of this cross examination."

■■ At the time that *Wiegand I* was decided, it was a principle of long standing that a woman was entitled to alimony pendente lite, counsel fees and expenses whether she is a plaintiff or defendant in a divorce proceeding: [2] "The rule is founded upon elementary principles of justice. The denial of support to an injured wife during the pendency of her suit against her husband, or of the counsel fees and expenses occasioned thereby, would, by the closing of his purse, surrender to his control her right to secure redress. Even stronger is the need where the wife is the respondent; for by cutting her off from support and the means of employing counsel and meeting the expenses of the litigation, the libelant could prevent her from contesting his suit, however unfounded it might be." 2 Freedman, *Law of Marriage and Divorce in Pennsylvania,* § 429, at 890 (2d Ed. 1957). See also, *Breinig v. Breinig,* 26 Pa. 161 (1856). The rule has been modified historically by an important exception, that when "the

2. "The practice had its origin in the ecclesiastical courts. It was early established in Pennsylvaia, where the courts have declared these allowances to be within the inherent judicial power. . . ." 2 Freedman, *Law of Marriage and Divorce in Pennsylvania,* § 429 at 891 (2d Ed. 1957). Shortly after our decision in *Wiegand I,* however, the legislature amended § 46 of The Divorce Law, supra, to permit the court to grant "in proper cases . . . a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses." The Divorce Law, supra, as amended June 27, 1974, P.L. 403, No. 139, § 1; 23 P.S. § 46.

wife has sufficient means of her own, no award will be made." Freedman, supra, § 452 at 935. See also, *Wolfe v. Wolfe,* 202 Pa.Super. 70, 195 A.2d 272 (1963); *Moore v. Moore,* 198 Pa.Super. 349, 181 A.2d 714 (1962); *Rothman v. Rothman,* 180 Pa.Super. 421, 119 A.2d 584 (1956). The same considerations are relevant whether a spouse seeks alimony pendente lite or counsel fees and expenses. See Freedman, supra, § 465. Thus, to determine the amount of an award, a court must consider the size of the moving party's separate estate, despite the fact that she or he is entitled to support commensurate with the couple's former life style.

█ The appellant was attempting to show that his wife had received sufficient funds—including a sizeable amount for the purchase of stock—so that one would expect that she would have a separate estate. She testified that she had no money at the time of the hearing. Appellant attempted to cross-examine her on how she had used the funds in an effort to create an inference that she in fact still had assets. The answers sought by appellant were germane. The lower court misunderstood appellant's position when it stated, "I don't care what he gave eight years ago or ten years ago. It is the facts and circumstances between the parties existing today and from here on in. I am concerned about her status today. . . ." Counsel made clear to the court that he hoped to show that appellee still had assets.

Therefore, it is clear that the court erred in preventing full and fair cross-examination by appellant on the issue of the wife's estate. We, therefore, reverse the order of the lower court and remand for further proceedings.

PRICE and VAN der VOORT, JJ., dissent.