386 A.2d 114
**Fred T. BEES**
v.
**Johanna F. BEES, Appellant.**
Superior Court of Pennsylvania.
Argued Dec. 7, 1976.
Decided April 28, 1978.

20

Jackson M. Sigmon, Bethlehem, for appellant.

Alfred P. Antonelli, Bethlehem, submitted a brief, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant contends that the lower court's award of $35 per week alimony pendente lite was inadequate.[1] We agree.

The parties were married in 1943. In June 1975 appellee filed an action for divorce, and in November left the marital abode. Appellant, who is 53 years old, was employed at the time she was married; since then she has only worked two days a week for 10 years as an upstairs maid. She has not worked since 1972, when she had a hysterectomy. Her only sources of income, since her husband's departure, are a $3,000 inheritance, and $40 per month from her daughter who lives with her. Appellant lives in the jointly owned, unencumbered marital residence and owns 60 shares of AT & T common stock. At her deposition, in January 1976, appellant stated that, due to her living expenses, she had only $2,000 left of her inheritance. She requested $150 per week alimony pendente lite.

The lower court found that appellee's net income in 1975 was over $15,000 and that he owns an automobile and has other assets worth more than $13,000.

 The purpose of alimony pendente lite is to provide a financially dependent spouse with income during the pendency of divorce proceedings to ensure that that spouse is not put at a financial disadvantage by reason of bringing such proceedings or by being required to defend against them. *Wiegand v. Wiegand*, 242 Pa.Super. 170, 363 A.2d 1215 (1976); ·*Kayaian v. Kayaian*, 223 Pa.Super. 103, 297 A.2d 136

---

1. Appellant was also awarded counsel fees and costs. *See* The Divorce Law, Act of May 2 1929, P.L. 1237, § 46, as amended, June 27, 1974, P.L. 403, No. 139, § 1; 23 P.S. § 46. There is no dispute in regard to these awards.

(1972); *Belsky v. Belsky,* 196 Pa.Super. 374, 175 A.2d 348 (1961). The elements to be considered are the respective incomes, estates and earning capacities of the parties, and the surrounding circumstances. *Kayaian v. Kayaian, supra; McCormick v. McCormick,* 202 Pa.Super. 250, 195 A.2d 851 (1963). ˙

Ordinarily the amount awarded the wife should not exceed one-third of her husband's income, but the exact amount should be left to the discretion of the court of common pleas which has the advantage of seeing and hearing the parties. This court will not reverse except for a plain abuse of discretion. *Gangoff v. Gangoff,* 163 Pa.Super. 570, 63 A.2d 115, *Mather v. Mather,* 143 Pa.Super. 608, 18 A.2d 492, *Brady v. Brady,* 168 Pa.Super. 538, 79 A.2d 803, *Kordich v. Kordich,* 182 Pa.Super. 132, 134, 125 A.2d 471, 472 (1956).

Here a husband with a net income of over $15,000 per year has been ordered to pay only $1,820 per year to support his wife. Since this court has the power to modify an award of alimony, Act of July 31, 1970, P.L. 673, No. 223, art. V., § 504; 17 P.S. 211.504 (Supp.1976), we shall so order.

The order of the lower court is vacated and the case is remanded with instructions that after a further hearing, the amount of the order should be increased.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

VAN der VOORT, J., files a concurring opinion in which CERCONE, J., joins.

PRICE, J., files a dissenting opinion in which JACOBS, President Judge, joins.

VAN der VOORT, Judge, concurring:

The lower court in this action in divorce A.V.M. has ordered the appellee-husband to pay counsel fees and costs, and also to pay $35.00 per week as alimony pendente lite. I believe this order to be inadequate, and I concur in the Opinion of my colleague Judge SPAETH, however I would set the amount of the alimony.

Appellant and appellee have been married since 1943. Appellant has been a housewife since 1972, and, although physically able to work, at age 53 has little prospect for profitable employment. Appellant owns 60 shares of A.T.&T. common stock, has a savings account with approximately $2,000.00, has no car, and lives in the unencumbered marital abode. The parties' 24 year old daughter resides with appellant and contributes $40.00 per month. Appellee, according to the finding of the lower court, has a net income after taxes of over $15,000.00. Appellee owns a 1970 Rebel automobile (which is paid for), has stamp and coin collections worth approximately $4,000.00, pays tuition for a son in college, and lives in an apartment. The parties jointly own savings bonds worth approximately $2,000.00; in addition, the husband has 16 and the wife has 6 paintings worth a total of $8,000.00.

Our Court has stated that it will not interfere with an award of alimony pendente lite except in cases of manifest abuse of discretion. *Kayaian v. Kayaian*, 223 Pa.Super. 103, 297 A.2d 136 (1972). I would find an abuse of discretion in the case before us. The husband in this case has net income of over $15,000.00 per year, yet is required to pay his wife only $1,820.00 per year. I would increase the amount of the award to $75.00 per week, to give the wife an annual income of $3,900.00 from appellant and $480.00 from her daughter, making a total of $4,380.00.

CERCONE, J., joins in this opinion.

PRICE, Judge, dissenting:

This is an appeal by the wife-appellant, Johanna F. Bees, from an order of $35.00 per week for alimony pendente lite directed to be paid to her by her husband, the appellee, Fred T. Bees.

On May 16, 1975, Fred T. Bees filed a complaint in divorce A.V.M. against his wife, Johanna F. Bees. A petition was filed on behalf of the appellant for alimony pendente lite, counsel fees and costs, and a rule was granted. Depositions

of the appellant and appellee were taken and filed. Argument was held and on June 2, 1976, Judge Richard D. Grifo of the court below entered an order directing that the petition be granted and that the appellee pay $35.00 per week as alimony pendente lite together with costs and counsel fees.

The appellant claims she needs $150.00 per week to support herself. The appellee is employed by Bethlehem Steel and has an additional income as an artist. In 1975, he reported an income of $23,331.89.

The award of alimony pendente lite lies within the sound discretion of the court. The factors to consider in making the decision include (1) the needs of the wife, (2) the husband's income and (3) all the surrounding circumstances. *Jeffery v. Jeffery*, 228 Pa.Super. 64, 296 A.2d 873 (1972). We should also consider the wife's income as part of those circumstances.

The wife in this case is 53 years of age and unemployed. She is in good health. She has in the past performed household work and was at one time employed in preparing payrolls. Her only present sources of income are a $3000.00 inheritance and $40.00 a month supplied by a daughter with whom she resides. She lives in the jointly owned property on which there are no encumbrances.

The court below found that the husband had a net income after taxes of $15,497.80. He also owns an automobile and has other assets worth $13,000.00. The lower court, taking into account the wife's needs, her ability to work and the other surrounding circumstances, entered an order of $35.00 per week as alimony pendente lite, with counsel fees to date of $395.00 and costs of $120.40. Future counsel fees to final disposition at a rate of $50.00 per hour for the services of a senior attorney and $30.00 per hour for the services of a junior attorney were also awarded. All the elements of this order were manifestly reasonable and within the court's discretion.

In *Kayaian v. Kayaian*, 223 Pa.Super. 103, 297 A.2d 136 (1972), we stated that this court hesitates to interfere with

an award of alimony pendente lite except in cases of manifest abuse of discretion. I do not believe that manifest abuse of discretion is present here.

I would affirm the order of the court below.

JACOBS, President Judge, joins in this dissenting opinion.