## Dimock v. Dimock

*Kimberly D. Borland,* for plaintiff.
*Arthur Silverblatt,* for defendant.

TOOLE, *J.,* January 12, 1982—It has been the custom and practice of the members of this bar to routinely request alimony pendente lite, counsel fees and costs at the outset of divorce proceedings and to allege the need for such assistance and the ability of respondent to pay therefor in general terms. It has also been the accepted practice for counsel to simply demand a specific sum for counsel fees and costs without setting forth any supporting information detailing the nature of the services performed or to be performed, or the expenses incurred or to be incurred. Too often the record presented to the court did not contain sufficient infor-

mation to permit the court to determine either the needs of the moving party, the ability of respondent to pay therefor, or the value of the services performed or to be performed by counsel. In most cases, we overlooked this deficiency and simply directed a nominal award of counsel fees and costs.

The increase in the number of divorce cases since the enactment of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. § 101 et seq. prompts us to reconsider our local practice and to issue some judicial guidelines which should be followed by counsel in this sensitive area. In this regard we join with Somerset County and declare that "routine nominal awards of counsel fees are no longer to be granted." See Weimer v. Weimer, 7 D. & C. 3d 1 (1978).

Before setting out the practicing guidelines, a review of some general legal principles might be beneficial:

1. The purpose of an award of alimony pendente lite and/or counsel fees and expenses is to insure that a financially dependent spouse will be able to maintain or defend against a divorce action. Jack v. Jack, 253 Pa. Superior Ct. 538, 385 A. 2d 469 (1978).

2. Reasonable counsel fees are to be paid a spouse in order to promote the administration of fair and impartial justice by placing the parties on a par in defending their rights. Moore v. Moore, 198 Pa. Superior Ct. 349, 181 A. 2d 714 (1962).

3. An award may be sought and received by either spouse since the right depends not upon sex but upon need. Henderson v. Henderson, 458 Pa. 97, 101, 327 A. 2d 60 (1974).

4. An award of counsel fees is not intended to be in full reimbursement, but should be sufficient an amount to prevent a denial of justice: Wolfe v.

Wolfe, 202 Pa. Superior Ct. 70, 195 A. 2d 272 (1963).

5. The same considerations or factors are relevant whether a spouse seeks alimony pendente lite or counsel fees and costs: Wiegand v. Wiegand, 242 Pa. Superior Ct. 170, 363 A. 2d 1215 (1976).

6. Respondent's ability to pay, the separate estate of the petitioner, the character, situation and surroundings of the parties are all to be considered in determining if an award is appropriate and, if so, the reasonable amount: Shuman v. Shuman, 195 Pa. Superior Ct. 155, 157-8, 170 A. 2d 602, 603 (1961).

7. There are no fixed rules or formulas as to the amount to be allowed as counsel fees. It is not, however, to be measured solely by the value of counsel services or by the wife's necessities: Jack v. Jack, 253 Pa. Superior Ct. 538, 385 A. 2d 469 (1978).

8. The purpose of an award of counsel fees is not to punish one spouse nor to reward the other. Likewise, merely because one spouse earns more than the other does not automatically entitle the spouse earning less money to counsel fees: Hoover v. Hoover, 288 Pa. Superior Ct. 159, 431 A. 2d 337 (1981).

9. An award of counsel fees and costs is not mandatory and lies within the sound discretion of the court: Kayaian v. Kayaian, 223 Pa. Superior Ct. 103, 297 A. 2d 136 (1972).

The Divorce Cose recognizes that a claim for counsel fees and costs may be raised or presented in a complaint or the answer under §301(a)(1). Section 502 of the code also provides: "The court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses."

In order to appropriately determine what is a "reasonable" counsel fee in any case, the court must know, in addition to the needs and abilities of the parties, information disclosing the nature and extent of the legal services performed or rendered in the case. This can best be done by making the determination at the conclusion of the case, or at a point in the proceedings when it is clear what services have been performed and what services remain to be performed in the proceedings. We recognize that in a lengthy or very complex case that it may be unreasonable to require counsel or a party to await the conclusion of the proceedings before requesting and receiving some judicial allowance. This has also been recognized by the legislature which provided, in §401(b), of the code that: ". . . The court may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection. . . ."

Thus, while a petition, complaint or answer requesting counsel fees may be presented at the inception of a case or before final disposition, it would appear that the better practice would be to defer making an award, if possible, until the end of the case or, as noted, at a point in the proceeding when it is relatively clear what services need be and will be performed in the future.

Until this time, petitions for counsel fees and costs have been presented to and determined by the court on the basis of a meager record which usually included nothing more than a petition and, on some rare occasions, depositions. While the court still has the power to determine this issue, §304 of the Divorce Code authorizes the appointment of a master to hear testimony on this ancillary issue and to return to the court the record and a transcript of any testimony taken, together with a report and

recommendation. Since the issue can be determined by either the court or a master, it is important for us to decide when the issue will be initially determined by the court, and when it should be referred to a master.

In order to promote some uniformity, we recommend the following procedure. If a master can or has been appointed to determine marital status in cases of divorce or annulment, and/or to determine an ancillary issue of equitable distribution of marital property, then the claim for counsel fees and costs should also be referred to the master for report and recommendation.

If the divorce matter is uncontested and there are no other ancillary claims to be determined, the issue may be presented to and will be determined by the court. In such cases, a rule will issue returnable to argument court and the parties will be required to provide evidentiary support for their respective positions through deposition, affidavit, or otherwise. Regardless of which procedure is employed, it will still be the burden of the moving party to *allege and prove* need, ability to pay, and the value of the legal services.

With these principles in mind, we turn now to the instant case. After a review of the record, we are satisfied that this matter is not ripe for judicial resolution at this time. The record is incomplete in that it does not establish the present nature of the disability of petitioner, or the amount of workmen's compensation being received by her. We also note that there is no evidence of the nature or value of the legal services performed to date. In this regard, counsel orally indicated at argument court that counsel fees were being sought and computed on the basis of $75 per hour, while in the brief a claim is made for a lump sum of $1,500. We do not know at

this point whether the claimed $1,500 covers all services rendered and to be rendered, or whether it covers only the services rendered to date. On this basis, this court is unable to properly exercise its judicial discretion.

Because of the paucity of facts, the matter is dismissed as premature without prejudice to petitioner to file a later petition in accordance with the procedure outlined in this opinion.

Accordingly, we enter the following

## ORDER

The request of Sylvia Jean Dimock, defendant, for an award of counsel fees and costs is denied at this time without prejudice.