## Venanzi v. Venanzi

*John Morganelli,* for plaintiff.
*George Keenan,* for defendant.

FREEDBERG, *J.,* February 7, 1983—This matter is before the court for disposition of defendant wife's claims for permanent alimony, counsel fees and costs incurred in this divorce action. Both parties have filed complaints seeking divorce pursuant to Section 201(d) of the Divorce Code, and there is no dispute as to the propriety of entrance of a decree of divorce. The record also indicates that the parties entered into a property settlement agreement disposing of the various assets of the parties. A special master appointed by the court heard testimony and then filed a report with the court relevant to the issues of permanent alimony, counsel fees and costs. See Northampton County Rule of Civil Procedure 1920.51(g).

A review of the notes of testimony of the master's hearing, master's report, and the briefs of counsel indicates that there is little, if any, dispute as to the relevant facts. The parties were married in 1941 and separated in March, 1979. Plaintiff husband is 62

years old and defendant wife is 63 years old. The husband has been disabled since 1968 when he terminated his employment at the Bethlehem Steel Corporation where he worked as a patrolman. Defendant, who last worked in 1956, was a semi-skilled assembly line worker and sewing machine operator. There is one emancipated adult child.

The husband has a current gross weekly income of $389.28 from social security disability, Bethlehem Steel pension, and veterans pension. In addition, he has investment income of about $3,800 per year. The wife receives $209 per month social security benefit, plus annual investment income of $8,100. The husband's assets total approximately $100,000, consisting of his residence, bank accounts, and stock certificates. The wife's assets, according to the master, total approximately $88,000, consisting principally of bank accounts and stock certificates. The master determined that a reasonable monthly expense for the husband is $750 a month. He determined that a reasonable monthly expenditure for the wife was $650. Of special significance is the fact that the wife claims that her total monthly expenditures are $820.

There was very little, if any, evidence regarding the standard of living of the parties. The husband has a college education and the wife a high school education. The wife performed the function of homemaker throughout the marriage. Consideration as to the property brought to the marriage by either party is not relevant. Neither party has major expectancy or inheritance anticipated. The husband suffers from lack of memory as a result of brain atrophy and the wife is treated for an arthritic condition. While there was testimony that the husband drank and kept late hours during the course of

the marriage, little if any significance should be given to marital misconduct.

The master determined that the wife had incurred costs of $250 and counsel fees of $500.

## PERMANENT ALIMONY

The standards for passing upon a claim for permanent alimony are set forth at Section 501 of the Divorce Code, 23 P.S. §501 (a, b, and c) as follows:

(a) The court may allow alimony, as it deems reasonable, to either party, only if it finds that the party seeking alimony:

(1) lacks sufficient property, including but not limited to any property distributed pursuant to Chapter 4, to provide for his or her reasonable needs; and

(2) is unable to support himself or herself through appropriate employment.

(b) In determining whether alimony is necessary, and in determining the nature, amount, duration, and manner of payment of alimony, the court shall consider all relevant factors including:

(1) The relative earnings and earning capacities of the parties.

(2) The ages, and the physical, mental and emotional conditions of the parties.

(3) The source of income of both parties including but not limited to medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which it would be inappropriate for a party, because said party will be custodian of a

minor child, to seek employment outside the home.

(8) The standard of living of the parties established during the marrige.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage; however, the marital misconduct of either of the parties during the separation subsequent to the filing of a divorce complaint shall not be considered by the court in its determinations relative to alimony.

(c) Unless the ability of the party seeking the ali-. mony to provide for his or her reasonable needs through employment is substantially diminished by reason of age, physical, mental or emotional condition, custody of minor children, or other compelling impediment to gainful employment, the court in ordering alimony shall limit the duration of the order to a period of time which is reasonable for the purpose of allowing the party seeking alimony to meet his or her reasonable needs by:

(1) obtaining appropriate employment; or

(2) developing an appropriate employable skill.

In Casey v. Casey, 45 Northampton 192 (1982), this court considered the character of alimony as provided for in the Divorce Code and adopted the view of the Allegheny Court of Common Pleas as set forth in Paul W. v. Margaret W., 130 P.L.J. 6 (1981), that the primary purpose for awarding ali-

mony is rehabilitative rather than to provide permanent support to equalize the income of the parties. See also Clark v. Clark, 45 Fayette 3 (1982) and Beittel v. Beittel, 32 Cumberland 9 (1981). While there are instances where permanent alimony is appropriate, Casey v. Casey, supra, the court must first address the threshold question as to whether the party seeking alimony lacks sufficient property and income to provide for her reasonable needs. 23 P.S. §501(a). In the instant case, the wife is unable to establish that this is the case. Her own assessment of her monthly needs was $820. The evidence clearly establishes that she receives $209 a month social security benefit and $8100 a year investment income. Thus, even without working, she has sufficient income from her property and social security benefit to provide for her reasonable needs. Therefore, we deny the application for permanent alimony.

## COUNSEL FEES AND COSTS

Defendant wife seeks counsel fees and costs totaling $750. Divorce Code §401(b). The purpose of such an award is to provide a financially dependent spouse with the means to wage a contest in a divorce action. Bees v. Bees, 255 Pa. Super. 19, 386 A.2d 114 (1978); Wiegand v. Wiegand, 242 Pa. Super. 170, 363 A.2d 1215 (1976). In passing upon such a request, the court is to consider each spouse's ability to pay, the separate estates and earning capacities and the surrounding circumstances of the parties. Bees v. Bees, supra; Wechsler v. Wechsler, 242 Pa. Super. 356, 363 A.2d 1307 (1976). As noted in Wiegand, the rule that a financially dependent spouse is entitled to the means to wage a divorce contest is modified by the important

exception that "When the wife has sufficient means of her own, no award will be made." Wiegand at page 1218 citing Freedman, Law of Marriage and Divorce in Pennsylvania, §452.

In the instant case, considering the size of defendant's wife's estate, the modest claim for counsel fees and costs, and the liquid nature of the wife's assets, we conclude that an award of counsel fees and costs is not appropriate.

Wherefore, we enter the following

### ORDER OF COURT

And now, this February 7, 1983, the record and proceedings having been reviewed by the court, it is hereby ordered and decreed that:

1. The said Anthony G. Venanzi plaintiff and the said Margaret A. Venanzi defendant be divorced and separated from the nuptial ties and bond of matrimony heretofore contracted between them, the said Anthony G. Venanzi plaintiff, and the said Margaret A. Venanzi, defendant, and the said Anthony G. Venanzi and the said Margaret A. Venanzi shall severally be at liberty to marry again in like manner as if they had never been married.

2. Margaret Venanzi's claims for permanent alimony, counsel fees and costs are denied.

3. The agreement between the parties dated June 18, 1980, on file herein, is incorporated by reference and made a part of this order.