**Bowser v. Bowser**

*Douglas W. Ferguson,* for plaintiff.
*James R. Irwin,* for defendant.

MILLER, *P.J.,* March 5, 1993—

## ISSUE

Is a dependent spouse entitled to alimony pendente lite in a divorce action that becomes stagnant, because of her desire to keep the marriage together and resultant unwillingness to allow the case to proceed and because the plaintiff does nothing further to advance the case, waiting for two years to pass since the date of final separation?

## BACKGROUND

The plaintiff (husband) filed this divorce complaint on June 16, 1992. We granted the defendant (wife) alimony pendente lite in the amount of $200 per month for three months (October, November and December 1992). In addition she was receiving $970 per month spousal support pursuant to an order entered in the Domestic Relations Division. Furthermore, plaintiff makes some payment on automobile insurance covering the motor vehicle which the defendant drives.

The defendant seeks additional alimony pendente lite. She seeks a reconciliation, does not want the divorce to proceed and, as a result, the plaintiff may well do nothing further in this case awaiting the passage of two years (23 Pa.C.S. §3301(d)).

## DISCUSSION

The latest amendments to the Rules of Civil Procedure setting forth support guidelines contain an interesting note

following Pa.R.C.P. 1910.16-1(a). That note provides that:

"Orders for spousal support and alimony pendente lite shall not be in effect simultaneously."

A note following a rule does not change case law but does explain the rule that precedes it. The rule provides that child support, spousal support *or* alimony pendente lite shall be awarded pursuant to these rules. We view the note as an explanation for the use of the word "or" in this instance.

Rather than to solely rely upon this analysis we look further to the purpose of alimony pendente lite.

"In proper cases ... the court may allow a spouse reasonable alimony pendente lite." 23 Pa.C.S. §3702. This lies solely within this court's discretion. *Kayian v. Kayian,* 223 Pa. Super. 103, 297 A.2d 136 (1972).

The purpose of temporary alimony is to provide a financially dependent spouse with income during the *pendency* of the divorce action so that the dependent spouse is not put at a financial disadvantage by reason of having to defend the action. The defendant should not be surrendering to the plaintiff's control her right to defend herself or to secure redress. *Wiegand v. Wiegand,* 242 Pa. Super. 170, 363 A.2d 1215 (1976). It places the parties on an equal footing in defending or pursuing their rights. *Wechsler v. Wechsler,* 242 Pa. Super. 356, 363 A.2d 1307 (1976).

Heretofore, a party could maintain both an action for support and temporary alimony. *Remick v. Remick,* 310 Pa. Super. 23, 456 A.2d 163 (1983); *Prozzoly v. Prozzoly,* 329 Pa. Super. 326, 475 A.2d 820 (1984). They were not identical. They address different interests.

Spousal support is derived from the marital obligation and is designed to insure that the receiving party has

a reasonable living allowance. Alimony pendente lite is designed to enable a dependent spouse to maintain or defend the litigation until all economic issues are resolved. *Wolk v. Wolk,* 318 Pa. Super. 311, 464 A.2d 1359 (1983); *Horn v. Horn,* 388 Pa. Super. 486, 564 A.2d 995 (1989); *McNulty v. McNulty,* 347 Pa. 363, 500 A.2d 876 (1985).

How long should a party receive temporary alimony? Since it is paid during the *pendency* of the case can it be ordered for the entire period of time the case remains unresolved and until a final decree is entered?

Since temporary alimony may be so critical to a party it must be paid currently. It cannot be delayed until after the final decree is entered. *Sutliff v. Sutliff,* 326 Pa. Super. 496, 474 A.2d 599 (1984). We also know that temporary alimony can extend until an appeal is finally decided. *Jack v. Jack,* 253 Pa. Super. 538, 385 A.2d 469 (1978).

There are limitations on the duration of a temporary alimony order. It is intended to cover *only* the period which the divorce proceedings may, with due diligence, be prosecuted to a conclusion. While the dependent spouse should not be forced to do something she does not want to do, solely because of economics, it is equally true that the defendant should not use the receipt of temporary alimony to cause her to delay the divorce proceedings. *Orr v. Orr,* 315 Pa. Super. 168, 461 A.2d 850 (1983); *Belsky v. Belsky,* 196 Pa. Super. 374, 175 A.2d 348 (1961). The defendant should not be permitted to unreasonably prolong this action in order to continue to receive temporary alimony. *Wargo v. Wargo,* 190 Pa. Super. 356, 154 A.2d 339 (1959).

All of this makes sense and requires the court to balance the rights and interests of the parties. The defendant

should not suffer because she is dependent and she should be permitted to properly defend this action. She is not obligated to agree to a divorce under any circumstances.

On the other hand, the purpose of alimony pendente lite is to permit her to defend the action. Where the action remains stagnant she does not have any economic outlay that is connected to the divorce action. Furthermore she cannot delay the proceedings to receive alimony pendente lite indefinitely.

Where, as here, the divorce action may be totally stagnant, possibly due to the defendant's unwillingness to consent to a divorce (which she has every right to do), she does not have any expenses or burdens in connection with the *litigation.* We don't think alimony pendente lite should last very long. Entitlement to alimony pendente lite needs more than an action pending; it, by definition, requires that the action be proceeding with some degree of speed.

It is true that, in some cases, the mere pendency of an action does deprive a spouse of the right to use marital assets that may be tied up, unusable, or incapable of being sold, while the action is pending. Alimony pendente lite in cases like that might be properly awarded even where the action remains dormant.

Here the defendant does receive support, arising out of the marriage relationship. Even though she has difficulty supporting herself it cannot be said that that is caused by the pendency of the action. It is caused by the fact that the plaintiff no longer lives with her. She is in no worse shape than if he had left and never started a divorce action.

In light of all of this we will deny the defendant's request for additional alimony pendente lite.