## Chambers *v.* Chambers, Appellant.

Argued November 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, ERVIN, and WATKINS, JJ. (WRIGHT and WOODSIDE, JJ., absent).

*Lee C. McCandless,* for appellant, submitted a brief.

*Sherman T. Rock,* with him *Samuel W. Greer,* and *Greer & Greer,* and *Paul, Lawrence & Rock,* for appellee.

OPINION BY GUNTHER, J., March 18, 1959:

In this case of divorce from bed and board plaintiff presented a petition for alimony pendente lite and counsel fees.

The court below refused alimony pendente lite but did allow $1250.00 as counsel fees; and from this order defendant has taken this appeal.

Plaintiff and defendant were married on September 23, 1937. Two children were born to the marriage and lived with the mother at the time these divorce proceedings were instituted. The parties were separated in January, 1957, and since the separation plaintiff has been giving his wife $300.00 monthly, paid her bills amounting to $200.00 per month, agreed to have her

live in the home which was owned by entireties, furnished an automobile and, in addition, gave his children about $300.00 a year.

Defendant contends that the court below abused its discretion in allowing $1250.00 as counsel fees and argues that the order should be reversed without prejudice to allow him an opportunity to present an application for more reasonable counsel fees after the termination of the litigation.

The record shows that the court below before determining the amount of the fees examined defendant's income tax return for the year 1956 which disclosed an income of $20,572.80 in the form of dividends from securities alone. The court also had before it other financial statements for its consideration. We believe, that Judge GRAFF in rendering the decision considered all phases of the case before he refused alimony and allowed the counsel fees. The question whether alimony pendente lite shall be granted depends upon the needs of the wife as well as the ability of the husband to pay.

The plaintiff testified as follows: "Q. And during all this time your bills have been paid, and you have been being maintained in the station in life in which you have been accustomed to be kept? A. Yes; that is correct." As to the amount of the counsel fees, we believe it is within the sound discretion of the court below to allow a reasonable amount and such amount will not be disturbed by the Appellate Courts except in cases of manifest abuse of discretion. This court has held that the husband's financial circumstances and the situation of the wife are to be considered in determining the fair amount of counsel fees. *Albrecht v. Albrecht*, 175 Pa. Superior Ct. 650, 107 A. 2d 209.

The record discloses the comprehensive amount of services involved in the preparation, and negotiations

in this case in attempting to effect a property settlement which was not consummated.

We agree with Judge GRAFF that the amount of $1250 as counsel fees is reasonable.

Order of the court below is affirmed.