## Hammond, Appellant, *v.* Hammond.

Argued November 9, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Allen N. Brunwasser,* for appellant.

*M. A. Nernberg, Jr.*, with him *Silvestri Silvestri*, for appellee.

OPINION BY WATKINS, J., March 24, 1966:

This appeal is from the order of the Court of Common Pleas of Allegheny County fixing counsel fees of $200 preliminarily, $119.23 expenses and $300 per month as alimony pendente lite.

Appellant-husband filed a complaint for a divorce a.v.m. and the appellee-wife filed her petition for alimony pendente lite, counsel fees and costs. The petition alleged in paragraph 3 that appellee was ill, unemployed, unable to work and without funds to defend and maintain herself. In paragraph 5 it stated "The defendant is able to pay alimony pendente lite, counsel fees and expenses."

At the hearing the appellant sought to rely on paragraph 5 as a complete defense to the petition. Appellee moved to amend the petition which was allowed by the court below. Appellant's counsel pleaded surprise and asked for a continuance which was refused. Allowance of amendments of pleadings even at the time of hearing is largely within the sound discretion of the hearing judge and is not a basis for reversal in the absence of an abuse of discretion. In the present instance the pleadings were clearly inconsistent and the error obvious. The allowance of the amendment was not an abuse of discretion.

In preparation for the hearing the appellee had issued and served a subpoena on the appellant's employer instructing that the payroll records of appellant show his salary, deductions, fringe benefits, stock options, stock purchase plan, number of shares of stock of Pittsburgh plan, number of shares of stock of Pittsburgh, expense and expense accounts. Appellant moved to quash the subpoena on the grounds that it was too broad, the requested information was irrelevant and

that it constituted an invasion of privacy. This motion was properly refused. All the requested information was germane to the issue under consideration.

At the hearing the chief payroll clerk of appellant's employer was permitted to testify as to stock registered in appellant's name from a letter given her by another department of the company. This is clearly error and should not be permitted. *Murray v. Siegel*, 413 Pa. 23, 195 A. 2d 790 (1963).

Appellant in his answer to appellee's petition averred that appellee was possessed of a substantial estate which she had received in several inheritances and that she was not unable to work and reserved the right to cross-examine. No reply was made to the answer. At the hearing the court restricted the cross-examination of appellee to what she received within the last six months and as to her immediate condition.

We have here a woman who is well educated, without children and able to follow several fields of endeavor and who has within the last fifteen years received several substantial inheritances but who now says she is without assets and unable to work. The restriction of cross-examination to such a limited scope is an abuse of discretion and reversible error. *Com. ex rel. Martocello v. Martocello*, 148 Pa. Superior Ct. 40, 24 A. 2d 712 (1942).

At this time when equal rights, regardless of sex, are constantly being asserted, and since we have repeatedly stated that the financial positions of the parties, their respective earning capacities, their separate estates, together with their needs are fundamental questions in the determination of an award, the restriction of the cross-examination of the wife was an abuse of discretion.

The record is remanded to the court below for further hearing in accordance with this opinion.