## Hammond, Appellant, v. Hammond.

Argued April 10, 1967. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*Allen N. Brunwasser,* for appellant.

*Silvestri Silvestri,* for appellee.

Opinion by Watkins, J., September 15, 1967:

This appeal is from an order of the Court of Common Pleas of Allegheny County fixing the sum of $250 counsel fee to date, $119.23 expenses of attending the hearing of March 1, 1965, and additional expense of $73.80 for attending the hearing of July 18, 1966; $178.25 for costs incurred in a previous appeal to the

Superior Court of Pennsylvania, and $225 per month, effective as of February 16, 1965, as alimony pendente lite.

This is the second time this matter has been before this Court on appeal from the order of court fixing counsel fees, costs and alimony pendente lite. The first appeal is reported at 207 Pa. Superior Ct. 333, 217 A. 2d 855 (1966), as a result of which the record was remanded to the court below with directions as to cross-examination.

A second petition for alimony pendente lite was filed by appellee on June 29, 1966, and a full hearing was held by the court below on July 18, 1966, after which the court entered its order.

The record discloses that the appellant, Raymond D. Hammond, is employed by the Pittsburgh Plate Glass Company, at an annual salary of $16,400, and after deductions takes home $735 per month. The appellee, Christine D. Hammond, is a woman in her early fifties, apparently in fair health, well educated and trained for work in several fields but presently unemployed and living by going from one relative to another. She receives no support from appellant.

No specific budgetary needs were shown by appellee at the second hearing, however, it is apparent that minimum needs must be met. The order is well within legal limits and the counsel fees, costs and expenses are very reasonable.

The appellant did not appear at either hearing and took no steps to produce for the record any alleviating circumstances.

The allowance of counsel fees, costs and alimony pendente lite is largely within the discretion of the trial court. *Gangloff v. Gangloff,* 163 Pa. Superior Ct. 570, 63 A. 2d 115 (1949), and this order will not be reversed unless the court below abused its discretion.

388

The record indicates that as a result of the opinion of this Court in the first appeal the appellee abandoned her original petition and began anew as of June 29, 1966 and the order for alimony pendente lite is hereby changed as to its effective date to June 29, 1966. *Hanson v. Hanson,* 177 Pa. Superior Ct. 384, 110 A. 2d 750 (1955).

Order affirmed as amended.