### Jeffery v. Jeffery, Appellant.

Argued June 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*A. A. Guarino,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY WATKINS, J., November 16, 1972:

This is an appeal from the order of the Court of Common Pleas, Family Court Division, reducing an order of alimony pendente lite from $15.00 weekly to $10.00 weekly.

On August 31, 1971, Judge EISEMAN of the court below entered an order of alimony pendente lite in the sum of $15.00 per week. On November 1, 1971, a Rule of Attachment was issued for failure to pay the order. The appellee-husband, Marvin R. Jeffery, countered with a Petition To Vacate the Order for Alimony Pendente Lite. Both were listed for hearing before Judge MONTEMURO of the court below on December 17, 1971. The husband paid the sum of $150.00 at the Bar of the court and the attachment petition was continued generally. The petition to vacate was continued to January 7, 1972.

After an evidentiary hearing before Judge SCHWARTZ of the court below, the following order was entered: "Petition to Vacate Order is dismissed. The Court on its own motion reduces the alimony pendente lite to $10.00 per week. Schwartz, J." This appeal followed.

The original order was made based on the following facts: An order of support for the wife is outstanding in the amount of $25.00 per week; husband was then working at two jobs earning as a truck driver $135.00 weekly and as a bartender, $50.00 weekly. The hus-

band complied faithfully with the support order but fell in arrears on the alimony pendente lite.

Alimony pendente lite is awarded so that the wife may sustain her action for divorce. *Brady v. Brady,* 168 Pa. Superior Ct. 538, 79 A. 2d 803 (1951); section 46, The Divorce Law Act of October 19, 1967, P. L. 451, §1, as amended, 23 P.S. §46. The award lies within the sound discretion of the court. *Hammond v. Hammond,* 210 Pa. Superior Ct. 386, 233 A. 2d 628 (1967). And is based on the needs of the wife. *Chambers v. Chambers,* 188 Pa. Superior Ct. 506, 149 A. 2d 532 (1959) and the husband's income together with all background surroundings. *Kordich v. Kordich,* 182 Pa. Superior Ct. 132, 125 A. 2d 471 (1956).

There is a difference between "maintenance and support" and "alimony pendente lite". *Belsky v. Belsky,* 196 Pa. Superior Ct. 374, 175 A. 2d 348 (1961). The issuance of the award is to maintain her action and is based on the needs of the wife and the income of the husband together with the character, situation and surroundings of the parties. *McCormick v. McCormick,* 202 Pa. Superior Ct. 250, 195 A. 2d 851 (1963). However, it seems reasonable and logical that "alimony pendente lite" just the same as "maintenance and support" may be modified or vacated by change in circumstances. The award is always within the control of the court. Freedman, Law of Marriage and Divorce in Pennsylvania, section 450 (1957).

At the hearing before Judge Schwartz, the husband testified that he no longer worked as a bartender but had been fired so that his income was reduced by $50.00 weekly. Although this is denied by the wife, credibility was for the court below and as he determined that husband's income was materially reduced, we are unable to find a manifest abuse of discretion by the court below.

The order of the court below is affirmed.