## Rueckert v. Rueckert

*Max Levine,* for plaintiff.
*Paul M. Daniels,* for defendant.

KAPLAN, *J.,* March 27, 1981—This case comes before the court on defendant's request, by petition, for three alternative forms of relief. The allegations supporting this prayer for relief assert plaintiff's unwillingness to proceed under section 201(c) of the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §201(c), which requires that affidavits of consent be filed by each party preliminary to the court's consideration of whether a decree should issue. The remedies requested by defendant are that the court:

1.  Consider the affidavit filed ancillary to plaintiff's complaint as having met the statutory consent affidavit requirements and therefore "review the complaint to determine if a decree in divorce is appropriate" (and, if so, presumably issue the decree);

2.  Issue a rule to show cause why said "review" should not be conducted; or,

3.  Dismiss the action in divorce and vacate the alimony pendente lite order currently in effect.

It is apparently plaintiff's position that because the generalized complaint permitted under Pa.R.C.P. 1920.72(a) in section 201(c) or (d) divorces requires no specification as to the subsection relied upon, she, as plaintiff, is free to select her method of procedure and hence control conduct of the action. She, therefore, claims that defendant's affidavit of consent is ineffective, as her action is a

201(d) divorce which requires no mutual consent, and she wants to wait out the required three years for a unilateral divorce without resorting to defendant's proffered consent. The issue, therefore, is whether plaintiff can maintain a 201(d) action with its attendant benefits despite defendant's consent to immediate issuance of a decree under section 201(c).

The ordinary course of events contemplated by our Divorce Code in a section 201(c) or (d) action, as interpreted by the Rules of Civil Procedure, is that a complaint is filed by plaintiff accompanied by the traditional supportive verification (which, need not be notarized, although it was in this case). After 90 days elapse, each side may file consent affidavits following the format of Rule 1920.72(b). These affidavits are limited by Pa. R.C.P. 1920.42 (2) in that they must have been executed within 30 days of their filing, which in turn must await passage of the 90-day period after suit is initiated Pa.R.C.P. 1920.42 (a)(2)(i) and (ii).

By its terms, the rule applies equally to plaintiff and defendant; each must have executed an affidavit indicating a present (within 30 days) intention to secure the divorce before a decree will issue. This requirement insures that issuance of a decree not be tainted by the default judgment or judgment on the pleadings which is impermissible under Pa.R.C.P. 1920.41.

The radical departure from the prior fault divorce system which the new no-fault system represents, in no sense should be taken to imply that the public policy of Pennsylvania holds the institution of marriage in any lower esteem. Rather, the novelty of the code is that Pennsylvania law at long last takes cognizance of, and attempts to effectively deal with, "the realities of matrimonial experience." § 102(1).

However, the Commonwealth's interest in preserving the marital unit remains, and even the monumental shift in perception of those realities represented by no-fault divorce, remains subservient to the objective of reconciling the parties and maintaining the marital unity. Perhaps for that reason Pa.R.C.P. 1920.40 and 41 requires that the present intention of the parties be definitively ascertained prior to issuance of the decree, thus ensuring their marriage's irretrievability.

Thus, in the instant case, defendant's first proposed alternative is clearly unacceptable. Even if a judgment of the pleadings could be had in divorce cases (ibid) the pleadings are not complete for purposes of section 201(c) if that pre-decree affidavit is withheld by plaintiff. (As it is.)

Consequently, because review of the complaint and judgment thereon (i.e., issuance of a decree) are so clearly impermissible prior to plaintiff's filing an affidavit, this court cannot be expected to issue a rule on plaintiff to show cause why this impermissible procedure should not take place. Thus, defendant's second alternative remedy is equally unacceptable.

A decision as to whether plaintiff's complaint should be dismissed altogether (defendant's third proposed alternative) requires examination of the benefits which accrue to her as a result of her pending action in light of the detriment which could or does accrue to defendant.

In this instance, the principles involved overshadow the facts of the case and a review of the stated purpose and intent of the Divorce Code is appropriate to resolution of the issue.

One of the major objects of the legal changes wrought by Pennsylvania's new Divorce Code is as articulated therein at § 102(6): "(6). effectuate eco-

nomic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights." In furtherance of that ideal alimony pendente lite may be granted by the court (sections 401(b) and 502), presumably consistent with the traditionally imposed standard that it permit the financially dependant spouse to pursue or defend the divorce action on an equal footing with the more financially stable spouse: Jeffery v. Jeffery, 228 Pa. Superior Ct. 64, 296 A. 2d 873 (1972).

Alimony pendente lite, as distinguished from support, is awarded without regard to entitlement or misconduct, pending the outcome of the divorce action, based only on the relative finances of the parties. Thus, under plaintiff's theory a spouse who may not be legally entitled to support could gain such support as well as counsel fees and costs by filing a divorce action, although not pursuing it for three years.

This alternative to the expensively protracted litigation common in contested divorces under the prior law could neither have been contemplated nor sanctioned by the General Assembly when it established the effectuation of "economic justice" as its goal.

To achieve that goal, the General Assembly extended other rights to the less economically secure spouse where a disparity exists in the parties' access to, control over or extent of financial resources.

Section 401(e)(5) removes property disposed of in good faith for value prior to commencement of the action from the "marital property" classification. Thus, the date of that commencement could have a significant effect on the amount available for

equitable distribution. In addition sections 401(c) and 403(a) and (d) permit various injunctive remedies to a petitioner-divorce litigant who wishes to prevent dissipation or disposition of marital or even non-marital assets which could affect that petitioner's economic position or eventual recovery under the code. Those remedies also become available once the action is filed.

The broad nature of those remedies could have a "chilling" effect on the business endeavors of a respondent made subject to them. They, or even the threat of them, could serve as a restraint on the normal course of the respondent's business until a final disposition is made by the court. Section 403(d), particularly, could affect the willingness of careful customers with notice of the pending action to become involved in transactions which could be declared null and void without the joinder of a recalcitrant spouse-litigant. While the need for availability of such remedies should not be minimized, they represent a potent weapon which should not be available where the progress of the divorce action is actually impeded by the beneficiary of those remedies.

Although, there is no reason to believe that it is a factor in this case, it is noteworthy that after commencement of the action any marital misconduct short of continued cohabitation (per section 507) is removed by section 501(b)(14) from consideration in allocation of alimony. (Even cohabitation would probably have little or no effect on alimony pendente lite.) This factor is but another incentive for, and advantage to, filing a 201(d) action early, without waiting for the three years of separation to pass.

It is not contended, however, that filing such actions under 201(d) should not be permitted until after the three-year separation "requirement" has

been fulfilled. Pa.R.C.P. 1920.72 implies that such a conclusion would be erroneous in that it requires no allegation of the requisite separation period and thus, apparently, does not attach significance to whether the three years have passed at the time the 201(d) complaint is filed. Where there is an actual contest, permitting early filing is consistent with the legislative intent demonstrated by the economic protections provided in the code. On balance the economic benefits of the above-cited statutory protections far outweigh their potential for abuse.

Nevertheless, when a divorce action is filed under section 201 alleging irretrievable breakdown, the plaintiff must be prepared to proceed within the minimum time permitted under applicable statute and rule. If, when confronted by defendant's consent she chooses to wait three years, she must do so without the advantages she enjoys with an action pending. In that sense, any action filed under section 201 before the parties have been separated for three years, shall be considered uncontested unless and until defendant takes steps to indicate otherwise.

Plaintiff herein refuses to file the requisite section 201(c) affidavit attesting to her present consent to a divorce, and the three-year requirement of section 201(d) has not been met. Under these circumstances, plaintiff should not be permitted the benefits of a law whose spirit she is defying. Accordingly, in the event plaintiff has not filed her affidavit of consent within 20 days, this court must dismiss her action and vacate its order for alimony pendent lite.*

---

*Notwithstanding the novelty of its application under the new code, this conclusion is consistent with the approach taken under prior law. See 2 Freedman, Law of Marriage and Divorce in Pennsylvania §447, and cases cited therein.

Consistent herewith the following order is entered.

## ORDER OF COURT

And now, March 27, 1981, following argument in open court, counsel for both parties present, it is ordered, adjudged and decreed that in the event plaintiff has not filed an affidavit of consent within 20 days hereof, plaintiff's action in divorce be, and hereby is, dismissed and the alimony pendente lite order entered at this number on December 15, 1980, shall be vacated.